F I L E D
CLERK OF COURT

2025 FEB 21 AM 10: 24

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0654-21**<br>GPD Report No. 21-32033 |
| v. | |
| **JOE SHAWN AGUON**<br>(*aka* **JOESHAWN AGUON**),<br>DOB: 07/07/1993 or 07/09/1993 | **DECISION AND ORDER**<br>**DENYING DEFENDANT'S MOTION**<br>**TO ENFORCE PLEA AGREEMENT** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 2, 2024 for hearing on Joe Shawn Aguon's (*aka* Joeshawn Aguon's) ("Defendant's") Motion to Enforce Plea Agreement ("Motion"). Assistant Attorney General Jacob Wagner represents the People, and Attorney Terry Timblin represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

Defendant is indicted on charges of Kidnapping (as a 2nd Degree Felony), Terrorizing (as a 3rd Degree Felony), Family Violence (as a 3rd Degree Felony), and Felonious Restraint (as a 3rd Degree Felony). See Indictment (Dec. 30, 2021). Each charge is accompanied by a Notice: Commission of a Felony While on Felony Release. Id. The charges stem from a purported incident in December 2021, in which Defendant is alleged to have confined his girlfriend in a car and relocated her to his house against her will, all while repeatedly beating her with a closed fist. See Magistrate's Complaint (Dec. 23, 2021).

On October 21, 2024, Defendant filed his Motion to Enforce Plea Agreement, Subject to Court Approval ("Motion"). Defendant claims that he and the People reached a plea agreement on August 19, 2022, over e-mail, whereby he would serve an incarceration term of three (3) years, all but one (1) year suspended. See Motion at 3 (Oct. 21, 2024).

Decision and Order Denying Defendant's Motion to Enforce Plea Agreement
CF0654-21, *People of Guam v. Joe Shawn Aguon*
Page 1 of 4

On October 21, 2024, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim Defendant never entered into a plea agreement on August 19, 2022, and that the e-mails Defendant references contain only preliminary negotiations rather than a formal plea offer that he accepted. See Opposition at 2-3 (Oct. 21, 2024).

On October 24, 2024, Defendant filed his Reply to Opposition ("Reply"). Defendant claims he did reach an agreement with the People regarding the length of incarceration, which is enforceable even though other terms of the plea remain unnegotiated. See Reply at 1 (Oct. 24, 2024).

The Court held a hearing on December 2, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I. **No plea agreement was created on August 19, 2022 because the People never gave a formal offer, and Defendant never accepted any such offer.**

"In the process of determining whether disputed plea agreements have been formed or performed, courts have necessarily drawn on the most relevant body of developed rules and principles of private law, those pertaining to the formation and interpretation of commercial contracts." See U.S. v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986). "Essential elements of a contract include an *offer*, *acceptance*, and *consideration*." See Blas v. Cruz, 2009 Guam 12 ¶ 18 (emphasis added). Acceptance must be "unequivocal" and demonstrate the offeree's "intent to be bound" by the offer. See *Mobil Oil Guam, Inc. v. Tendido*, 2004 Guam 7 ¶ 34.

In his belief that a binding plea agreement was created on August 19, 2022, Defendant points to a series of e-mails between his counsel and the People. See Motion at Exhibits A & B (Oct. 21, 2024).

Defendant contends the People made an offer on July 8, 2022, when they asked his counsel whether he would "consider" a plea agreement whereby he would serve three (3) years incarceration, all but one (1) year suspended. See Motion at Ex: A, E-mail dated Jul. 8, 2022 at 9:38 AM (Oct. 21, 2024).

Decision and Order Denying Defendant's Motion to Enforce Plea Agreement
CF0654-21, *People of Guam v. Joe Shawn Aguon*
Page 2 of 4

Defendant contends he accepted this offer on August 19, 2022, when his defense counsel replied that he was "pretty sure that he [Defendant] will accept" if CM0245-19 were also covered by the plea. See Motion at Ex: B, E-mail dated Aug. 19, 2022 at 3:52 PM (Oct. 21, 2024).

This exchange clearly does not constitute either an offer or acceptance capable of forming a binding contract. The claimed offer was really just a preliminary negotiation. The People never manifested any intent to be bound by that incarceration term, rather they were just gauging the Defendant's interest in pleading out.

Likewise, the Defendant never accepted this term even if it were to be construed as an offer. Defense counsel admitted to "have not yet discussed" the claimed offer with Defendant, and was just speculating whether Defendant would accept. See Motion at Ex: B, E-mail dated Aug. 19, 2022 at 3:52 PM (Oct. 21, 2024). Defendant never manifested any intent to be bound by the claimed offer, and it's not even clear he was aware such an offer existed at the time of his claimed acceptance. As such, no binding contract was formed on August 19, 2022.

**II. Even if a plea agreement were reached on August 19, 2022, the People were permitted to back out because they did so before the Court accepted the plea and formally executed it as binding.**

Unlike standard contracts, however, "a plea agreement … is not simply a contract between two parties. It necessarily implicates the integrity of the criminal justice system and requires the courts to exercise judicial authority in considering the plea agreement and in accepting or rejecting the plea." See U.S. v. Novosel, 481 F.3d 1288, 1292 (internal citations omitted).

"A plea agreement must be accepted by the court before it is binding". Id. at 1292 (internal citations omitted). Absent detrimental reliance, until the moment at which a plea agreement is executed by the court, parties are free to withdraw their offer or acceptance thereof. Id. at 1292 (permitting defendant to withdraw guilty plea "until the moment the court accepted" it); See also Marby v. Johnson, 467 U.S. 504, 507 (1984) (holding, where government withdrew more favorable plea bargain which defendant sought to accept, that defendant did not have any right to enforce that specific offer unless it was already accepted by the trial court).

Decision and Order Denying Defendant's Motion to Enforce Plea Agreement
CF0654-21, *People of Guam v. Joe Shawn Aguon*
Page 3 of 4

Here, the People clearly withdrew any claimed offer before the Court formally accepted it as binding. No formal plea agreement containing the incarceration term was ever prepared or signed by either party or the Court. Because the Court hadn't formally executed the claimed plea agreement, it remains non-binding and the People were free to withdraw their supposed offer.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. No plea agreement was reached on August 19, 2022, and even if an agreement were reached, the People timely withdrew their plea offer. Therefore, the Cout shall not enforce the claimed plea agreement of three (3) years incarceration, all but one (1) year suspended.

**IT IS SO ORDERED** this February 21, 2025.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

AG, T. Timblin
_____
Date: 2/21/25 Time: 10:3 am
Antonio A Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion to Enforce Plea Agreement
CF0654-21, *People of Guam v. Joe Shawn Aguon*
Page 4 of 4